UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DELTA IMPORTS, LLC,

    Plaintiff,

v.                                                                  Case No: 8:21-cv-1897-JSS

MOHAMMED WAZWAZ and
MADURO DISTRIBUTORS, INC.,

    Defendants.
_____/

**ORDER**

Plaintiff moves for summary judgment on its civil theft claim in Count II of its Complaint. (Motion, Dkt. 31.) Defendant opposes the Motion. (Response, Dkt. 36.) On October 5, 2022, the court conducted a hearing on the Motion. For the reasons that follow, the Motion is denied.

**INTRODUCTION**

Plaintiff Delta Imports, LLC (Plaintiff) sued Defendant Maduro Distributor, Inc. (Defendant) alleging claims of breach of contract, civil theft, fraud, conversion, and Florida Computer Crimes Act, Sections 815.01-815.07, Florida Statutes.[1] (Dkt. 1-1.) Plaintiff's claims stem from its wire transfer to Defendant for the purchase of Defendant's electronic cigarette (e-cigarette) products and Defendant's failure to

---

[1] Plaintiff initially brought claims against Mohammed Wazwaz in his individual capacity and claims under the federal and Florida Racketeer Influenced and Corrupt Organizations Act (RICO) statutes. (Dkt. 1-1.) The court dismissed Plaintiff's claims against Mr. Wazwaz, and Plaintiff stipulated to the dismissal of its RICO claims. (Dkt. 26.)

deliver the products or refund Plaintiff's money. (Dkt. 1-1 at 3.) Plaintiff seeks summary judgment on Count II for civil theft, asserting that Defendant has admitted to receiving Plaintiff's money, intentionally not delivering the products or refunding the money to Plaintiff, lying to Plaintiff about initiating delivery, and sending Plaintiff a zucchini as a mocking gesture. (Dkt. 31.) In response, Defendant argues that Plaintiff's Motion fails because Plaintiff's civil theft claim is not sufficiently independent of its breach of contract claim, Plaintiff fails to prove that Defendant converted the funds received, Defendant never had the requisite criminal intent to support a civil theft claim, and Plaintiff neither suffered nor demonstrated actual damages. (Dkt. 36.) During the hearing, Defendant argued that the court should grant summary judgment in its favor under Federal Rule of Civil Procedure 56(f).

For the reasons stated below, the court finds that Plaintiff's civil theft claim is independent of its breach of contract claim. However, the issue of whether Defendant had the requisite criminal intent for a civil theft claim presents an issue of fact that is inappropriate for summary judgment. Further, a genuine dispute of material fact remains as to whether conversion occurred.

## FACTUAL BACKGROUND[2]

Plaintiff is a Florida limited liability company and commercial vendor of e-cigarette products and supplies. (Dkt. 22-1 ¶¶ 3, 4). According to its owner, Emad

---

[2] These facts are taken from the factual backgrounds in the Motion and the Response (Dkts. 31, 36) and other relevant parts of the record, including the affidavits of Emad Hasan (22-1) and Yassin Wazwaz (Dkt. 38) and the depositions of Defendant's corporate representative (Dkt. 35) and Plaintiff's corporate representative (Dkt. 37-5).

Hasan, Plaintiff purchases and sells these items to "third parties such as gas stations and e-cigarette stores who, ultimately, sell those products on a retail basis to the consuming public in Florida." (*Id.* ¶ 4.) Defendant is a Minnesota corporation that manufactures and sells disposable e-cigarettes. (Dkt. 35 at 18:3–24, 19:22–20:13.)

The parties first met when representatives of Plaintiff and Defendant attended the Champions' Trade Show in Orlando, Florida. (*Id.* at 22:7–25; Dkt. 22-1 ¶¶ 5, 7.) While at the tradeshow, a representative of Plaintiff spoke with representatives of Defendant about the purchase of e-cigarette supplies. (Dkt. 22-1 ¶¶ 7–9; Dkt. 35 at 25:2–14.) At some point after the tradeshow, Plaintiff contacted Defendant to place an order for Defendant's products. (Dkt. 22-1 ¶ 12; Dkt. 35 at 25:12–14.) On December 31, 2020, Defendant sent Plaintiff an invoice in the amount of $30,800 for the purchase of various e-cigarette products. (Dkt. 22-1 ¶ 13; Dkt. 35 at 26:2–27:5.) After further communication with representatives from Defendant, on January 6, 2021, Plaintiff wired the $30,800 to Defendant's general operating account. (Dkt. 22-1 ¶¶ 15–16; Dkt. 35 at 35:8–12, 42:18–43:5; Dkt. 38 ¶¶ 5, 8.) Defendant admits that this wire transfer occurred. (Dkt. 35 at 35:8–12; Dkt. 38 ¶ 5.) However, Defendant failed to deliver the e-cigarette products or return the $30,800. (Dkt. 22-1 ¶ 27; Dkt. 35 at 35:13–15, 38:18–23; Dkt. 38 ¶ 7.) Defendant instead decided not to ship the products to Florida because it became suspicious that Plaintiff was creating counterfeit products or attempting to purchase Defendant's products out of state for illegal transfer into Minnesota. (Dkt. 35 at 35:13-21; Dkt. 38 ¶¶ 6–7.) Defendant also decided to keep Plaintiff's money to "cover any damages" from Plaintiff's purported scheme. (Dkt. 35

at 40:16-23; Dkt. 38 ¶¶ 6–7.) However, when Plaintiff inquired into the delivery of the products, Defendant told Plaintiff that the products were in transit for delivery but were delayed due to weather conditions. (Dkt. 35 at 35:22–37:8.) Defendant then sent Plaintiff a zucchini in a small box. (*Id.*)

On March 26, 2021, counsel for Plaintiff sent Defendant a written demand for civil theft damages pursuant to Florida Statute Section 772.11. (Dkt. 31 at 11–12.) The demand letter was served on Defendant on May 13, 2021. (*Id.* at 14.) However, Defendant still did not return Plaintiff's money. (Dkt. 35 at 44:8–13.) As a result, Plaintiff filed suit against Defendants in state court in Hillsborough County, Florida on June 22, 2021. (Dkt. 1-1.) Defendant Maduro removed the action to federal court pursuant to 28 U.S.C. §§ 1331 and 1332 on the grounds that both federal question jurisdiction and diversity jurisdiction exist. (Dkt. 1.) On April 29, 2022, Defendant's counsel sent Plaintiff's counsel a certified letter containing a check, drawn from Defendant's operating account, in the amount of $30,800, representing "a full refund of the money wire transferred to Maduro by Plaintiff under the contract that is the subject of this litigation." (Dkt. 37 ¶ 3; Dkt. 37-1.)

## APPLICABLE STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . ,

admissions, interrogatory answers, or other materials" to support its position that it is entitled to summary judgment. Fed. R. Civ. P. 56(c)(1)(A). "The court need consider only the cited materials" when resolving a motion for summary judgment. Fed. R. Civ. P. 56(c)(3); *see also HRCC, LTD v. Hard Rock Café Int'l (USA), Inc.*, No. 16-17450, 2017 WL 3207125, at *2 (11th Cir. July 28, 2017) (per curiam) (holding that a district court does not err by limiting its review to the evidence cited by the parties in their summary judgment briefs).

A factual dispute is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id.* The moving party bears the initial burden of identifying those portions of the record showing a lack of a genuine factual dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). If the movant shows that no evidence supports the non-moving party's case, the burden then shifts to the non-moving party to show that there are, in fact, genuine factual disputes which preclude judgment as a matter of law. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

To satisfy its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-movant must go beyond the pleadings and "identify affirmative evidence" which creates a genuine dispute of material fact. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998). In

determining whether a genuine dispute of material fact exists, the court must review the evidence, draw all factual inferences in the light most favorable to the non-moving party, and must resolve any reasonable doubts in the non-movant's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita*, 475 U.S. at 587.

Federal jurisdiction in this matter is based on diversity of citizenship under 28 U.S.C. § 1332(a). (Dkt. 1 ¶¶ 5–8.) This court is therefore bound to apply the substantive law of the state in which it sits. *See Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). Thus, Florida law controls.

## ANALYSIS

Florida's civil theft statute creates civil liability for violations of the criminal theft statute, Florida Statutes Section 812.014. Fla. Stat. § 772.11(1). Florida's criminal theft statute provides:

> A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
> (a)   Deprive the other person of a right to the property or a benefit from the property.
> (b)   Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

Fla. Stat. § 812.014(1). "To establish a claim for civil theft, a party must prove that a conversion has taken place and that the accused party acted with criminal intent." *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1056 (Fla. 3d DCA 2008); *see Gokalp v. Unsal*, 284 So. 3d 1097, 1099 (Fla. 4th DCA 2019); *Heldenmuth v. Groll*, 128 So. 3d 895, 896

(Fla. 4th DCA 2013); *Gersh v. Coffman*, 769 So. 2d 407, 409 (Fla. 4th DCA 2000). If there is a contractual relationship between the parties, a claim for civil theft must go beyond, and be independent from, a failure to comply with the terms of a contract. *Heldenmuth*, 128 So. 3d at 896; *Gasparini*, 972 So. 2d at 1055.

### A. Independent Tort Doctrine

Defendant argues that Plaintiff's civil theft claim is not sufficiently independent of its breach of contract claim. (Dkt. 36 at 9.) Defendant contends that "there is nothing in dispute other than a simple breach of contract" and, therefore, summary judgment in favor of Plaintiff is improper. (*Id*. at 10.) Defendant also states that "absent a claim independent from a breach of contract, the Florida economic loss doctrine precludes tort recovery." (*Id*. at 9–10.) In response, Plaintiff argues that Defendant's actions of: "(1) intentionally refusing to return Plaintiff's money or deliver product, (2) intentionally and expressly lying to the Plaintiff about the delivery of products being placed in transit and simply 'delayed due to weather', and (3) sending a malicious personal insult to Mr. Hasan in the form of a zucchini/cucumber" are all independent from Defendant's failure to perform on its contract with Plaintiff. (Dkt. 43 at 2.)

The Florida Supreme Court has limited the economic loss rule to products-liability cases. *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc.*, 110 So. 3d 399, 407 (Fla. 2013). However, the Court's decision did not disturb certain common-law principles, including that a tort claim must be independent of any breach of contract claim. *Id*. at 409–10; *Spears v. SHK Consulting & Dev., Inc.*, 338 F. Supp. 3d 1272, 1278–

79 (M.D. Fla. 2018). The independent tort doctrine does not bar claims where the plaintiff has alleged conduct that is independent from the act that breached the contract and does not itself constitute breach of the contract at issue. *Matonis v. Care Holdings Grp., L.L.C.*, 423 F. Supp. 3d 1304, 1311 (S.D. Fla. 2019); *Heldenmuth*, 128 So. 3d at 896; *Gasparini*, 972 So. 2d at 1055.

Here, Plaintiff alleges conduct that is separate from the breach of contract and supported by the record. Specifically, Defendant allegedly intentionally refused to return Plaintiff's money or deliver its products. (Dkt. 22-1 ¶ 27; Dkt. 35 at 35:13–15, 38:18–23, 40:16–23; Dkt. 38 ¶¶ 6–7.) Defendant then allegedly lied to Plaintiff, stating that the products had been placed in transit but were delayed due to weather conditions. (Dkt. 35 at 35:22–37:8.) Instead of sending Plaintiff the products it paid for, Defendant sent Plaintiff a zucchini, which Plaintiff took as an insult. (*Id.*; Dkt. 37-5.) Defendant's conduct is independent from Plaintiff's breach of contract claims in which Plaintiff alleges that there was a contract between the parties, Defendant breached the contract, and damages flowed from the breach. Therefore, Plaintiff's civil theft claim is not barred by the independent tort doctrine. *See Matonis*, 423 F. Supp. 3d at 1311; *Heldenmuth*, 128 So. 3d at 896.

### B. Criminal Intent

Defendant also argues that Plaintiff's Motion should be denied because Defendant never had the requisite criminal intent to support a civil theft claim. Defendant contends that criminal intent is required at the time the property at issue is received and that the requirement is not met because here, at the time Plaintiff wired

the money, Defendant intended to ship products to Plaintiff. (Dkt. 36 at 14.) Defendant asserts that "at a minimum, a fact question" remains regarding its intent. (*Id.*) Defendant also argues that in general, the necessity of finding intent is a question for the fact finder. (*Id.*) In its Reply, Plaintiff argues that there is no genuine dispute that Defendant intentionally refused to either refund Plaintiff's money or deliver the products. (Dkt. 43 at 3.) Plaintiff also points to Defendant lying to Plaintiff about initiating delivery of the products and instead sending a zucchini to Plaintiff as clear and convincing evidence of the requisite criminal intent. (*Id.*)

To establish an action for civil theft, the claimant must prove the statutory elements of theft as well as criminal intent. *Freestream Aircraft USA Ltd. v. Chowdry*, No. 16-cv-81232, 2018 WL 2451189, at *11 (S.D. Fla. May 31, 2018). In a civil theft case, "[t]he question of Defendants' intent, properly determined by drawing inferences from the surrounding factual circumstances and by weighing the credibility of Defendants' testimony regarding their actions, is a factual question which must be decided by a jury in this case." *Daedalus Cap. LLC v. Vinecombe*, No. 8:12-cv-2533, 2014 WL 11412838, at *13–14 (M.D. Fla. Sept. 29, 2014), *aff'd*, 625 Fed. App'x 973 (11th Cir. 2015); *see Campbell v. Riggs*, 310 So. 3d 68, 70–71 (Fla. 3d DCA 2021) ("Summary judgment would be inappropriate in a civil theft action because of the necessity of finding intent, which should normally be resolved by the finder of fact."); *Freestream Aircraft USA Ltd.*, 2018 WL 2451189, at *11 (finding summary judgment inappropriate as to a civil theft claim because criminal intent cannot be established by way of undisputed material facts). Here, because Defendant's intent is a question for

the fact finder, granting summary judgment on Plaintiff's civil theft claim would be inappropriate. *Id*. Thus, Plaintiff's Motion must be denied.

### C.  Conversion

Defendant next argues Plaintiff's Motion should be denied because Plaintiff failed to prove that a conversion took place after Plaintiff wired the funds to Defendant. (Dkt. 36 at 9.) Defendant argues that there was no conversion because there was no obligation to keep the funds intact or deliver the specific money in question so that the money can be identified. (*Id.*)

Under Florida law, there can be no cause of action for civil theft where there is no factual basis to support a claim for conversion. *Heldenmuth*, 128 So. 3d at 896 (citing *Gasparini*, 972 So. 2d at 1056). "An action for conversion of money requires: (1) specific and identifiable money; (2) possession or an immediate right to possess that money; (3) an unauthorized act which deprives plaintiff of that money; and (4) a demand for return of the money and a refusal to do so." *Regions Bank v. Kaplan*, No. 17-15478, 2021 WL 4852268, at *6 (11th Cir. Oct. 19, 2021). "Money is capable of identification where it is delivered at one time, by one act and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit, or where wrongful possession of such property is obtained." *Belford Trucking Co. v. Zagar*, 243 So. 2d 646, 648 (Fla. 4th DCA 1970). Further, "an action for conversion of money can only be maintained where the money at issue has been kept

separate." *Transcapital Bank v. Shadowbrook at Vero, LLC*, 226 So. 3d 856, 864 (Fla. 4th DCA 2017) (quotation omitted); *see Regions Bank*, 2021 WL 4852268, at *7.

Summary judgment is improper because Plaintiff failed to establish that the funds were kept separate from other funds in Defendant's general operating account. It appears the subject funds were identifiable at the time Plaintiff wired them to Defendant. Plaintiff delivered the funds at one time, by one act, and in one mass by wiring all $30,800 at once on January 6, 2021, to Defendant's operating account. (Dkt. 22-1 ¶¶ 15–16; Dkt. 35 at 35:8–12, 42:18–43:5; Dkt. 38 ¶ 5); *see Belford Trucking*, 243 So. 2d at 648 (noting "[t]o be a proper subject of conversion each coin or bill need not be earmarked. . ."). However, Defendant's corporate representative testified that the funds were never put into a separate escrow or segregated but were kept in a bank account Defendant used for its general operations. (Dkt. 35 at 42:18–43:5.) In his affidavit supporting Defendant's Response, Defendant's corporate representative states that "[a]t all times between when the wire transfer was received and when Defendant issued a refund, the wire transfer money remained in Defendant's general operating account." (Dkt. 38 ¶ 8.) There is no evidence that Defendant was obligated to "keep intact" the specific money Plaintiff paid. *See Gasparini*, 972 So. 2d at 1056 ("For money to be the object of conversion there must be an obligation to keep intact or deliver the specific money in question, so that money can be identified."); *Fla. Desk, Inc. v. Mitchell Int'l, Inc.*, 817 So. 2d 1059, 1061 (Fla. 5th DCA 2002) ("[T]here is no evidence that there was an obligation on [defendant's] part to keep intact or hold a

specific fund to deliver to [the plaintiff]"). Thus, a genuine dispute of material fact remains concerning whether conversion occurred.

Accordingly, Plaintiff's Motion for Summary Judgment on Count II Alleging Civil Theft Against Defendant Maduro Pursuant to Rule 56 (Dkt. 31) is **DENIED**. Defendant's oral motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(f) is also **DENIED**.

**ORDERED** in Tampa, Florida, on November 14, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record