UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DELTA IMPORTS, LLC,

    Plaintiff,

v.                                                                                                Case No: 8:21-cv-1897-JSS

MOHAMMED WAZWAZ and
MADURO DISTRIBUTORS, INC.,

    Defendants.
_____/

## ORDER

Defendant Maduro Distributors, Inc. (Defendant) moves the court for an order imposing sanctions against Plaintiff and Plaintiff's counsel pursuant to Federal Rule of Civil Procedure 37 and 28 U.S.C. § 1927. (Motion, Dkt. 80.) Plaintiff opposes the Motion. (Dkt. 82.) The court held a hearing on the Motion on April 11, 2023. Upon consideration and for the reasons stated during the hearing, Defendant's Motion (Dkt. 80) is granted in part and denied in part.

## BACKGROUND

Plaintiff Delta Imports, LLC (Plaintiff) sued Defendant alleging claims of breach of contract, civil theft, fraud, conversion, and Florida Computer Crimes Act, Sections 815.01-815.07, Florida Statutes. (Dkt. 1-1.) Plaintiff's claims stem from its wire transfer to Defendant for the purchase of Defendant's electronic cigarette products and Defendant's failure to deliver the products or refund Plaintiff's money. (Dkt. 1-1 at 3.)

The court entered a Case Management and Scheduling Order on September 27, 2021. (Dkt. 12.) The Order established a discovery deadline of March 31, 2022. (*Id.*) Upon request of the parties (Dkt. 27), the discovery deadline, among other deadlines, was extended to August 30, 2022. (Dkt. 28.) On December 16, 2022, Defendant filed a motion to compel, noting that Plaintiff had failed to produce documents requested within the discovery period. (Dkts. 56, 57.)

On December 20, 2022, both of Plaintiff's attorneys, Mr. Patterson and Mr. Harder, moved to withdraw as counsel for Plaintiff, explaining they have an irreconcilable conflict that requires their withdrawal. (Dkts. 58, 60.) While the court granted Mr. Patterson's request to withdraw (Dkt. 59), Mr. Harder was directed to provide Plaintiff's mailing address (Dkt. 60), as required by Middle District of Florida Local Rule 2.02(c)(1)(B)(ii), since his withdrawal would leave Plaintiff without representation. *See* M.D. Local R. 2.02(c)(1)(B)(ii). On December 30, 2022, rather than supplement his motion to withdraw with Plaintiff's mailing address, Mr. Harder re-filed his original motion to withdraw. (Dkt. 62.) The court again directed Mr. Harder to comply with the local rules and provide Plaintiff's full contact information. (Dkt. 63.) On January 9, 2023, the court set a hearing on both of Mr. Harder's motions to withdraw and informed Mr. Harder that if he provided Plaintiff's mailing address in advance of the hearing, the hearing would be cancelled. (Dkt. 64) Mr. Harder did not supplement his motions or provide Plaintiff's address prior to the hearing.

On January 19, 2023, the court held a hearing on the motions to withdraw (Dkts. 60, 62). (Dkt. 66.) During the hearing, Mr. Harder noted difficulty with

contacting Plaintiff, and moreover, that he did not have a physical address for Plaintiff on file for where documents related to this case could be sent. After further discussion and research, Mr. Harder provided an address he found online and informed the court that his firm previously had emailed the pending motion to compel to Plaintiff but never received a response. In light of the information provided by Mr. Harder, the court found that Local Rule 2.02(c)(1)(B)(ii) was satisfied and granted his motions to withdraw. (Dkt. 68.) The Order further provided that Plaintiff, as a limited liability corporation, may not proceed pro se before the court, would have 20 days to obtain new counsel or thereafter be subjected to a show cause order for failure to prosecute, and that "[n]othing in this order shall be construed to relieve Plaintiff of its continuing obligation to comply with the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, and the orders of this court." (*Id.*)

No counsel appeared on behalf of Plaintiff within the time provided. As such, the court directed Plaintiff to show cause, on or before February 23, 2023, as to why the case should not be dismissed for failure to prosecute. (Dkt. 71.) Contemporaneously, Defendant filed a motion to dismiss for failure to prosecute. (Dkt. 70.) In the declaration supporting the motion to dismiss, Defense counsel provided the various emails sent to Plaintiff regarding outstanding discovery and the motion to dismiss. (Dkts. 73–73-3.) Three days later, Mr. Harder filed a notice of appearance for Plaintiff. (Dkt. 74.) Notably, Plaintiff did not respond to the Order to Show Cause or provide a response to Defendant's outstanding December 16, 2022 motion to compel. Thus, the court set a hearing on Defendant's motion to compel

(Dkt. 56), motion to dismiss (Dkt. 70), and the court's Order to Show Cause (Dkt. 71). (Dkt. 75.)

On March 1, 2023, the court held the hearing on the pending motions and the Order to Show Cause. During the hearing, Mr. Harder explained that he re-entered his notice of appearance after Plaintiff's representative reached out to him and explained that he had changed his phone number and wanted Mr. Harder to continue to represent Plaintiff. After considering the parties' briefs and argument at the hearing, the court granted Defendant's motion to compel (Dkt. 56), directing Plaintiff to provide written responses to the First Set of Interrogatories (Dkt. 57-1), and responsive documents to the First Set of Document Requests (Dkt. 57-2) and First Request for Production of Documents (Dkt. 57-3) on or before March 3, 2023. The court also denied without prejudice Defendant's motion to dismiss and discharged the Order to Show Cause. (Dkt. 78.)

On March 10, 2023, Defendant filed the instant Motion. (Dkt. 80.) In the Motion, Defendant moves for sanctions against Plaintiff and Plaintiff's counsel pursuant to Rule 37 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. (Dkt. 80.) Defendant argues that because Plaintiff failed to abide by the rules of discovery, this court's orders regarding discovery, and "continues to make a mockery of this Court, its orders, and the rules of procedure," the court should dismiss the case in its entirety and impose monetary sanctions. (*Id.* at 2, 7–9.) Defendant seeks to recover $11,221.81 in attorneys' fees, costs, and expenses associated with its multiple attempts to obtain discovery. (*Id.*; Dkt. 87.) In response, Mr. Harder argues that none

of the delays associated in the case were "the result of actions by Plaintiff's counsel." (Dkt. 82 at 2.) He further contends that Defendant has failed to demonstrate any "unreasonable and vexatious conduct" by Plaintiff's counsel to allow for sanctions under Section 1927, and moreover, that "Defendant has provided no clear pattern of delay or willful contempt" for sanctions to be awarded pursuant to Federal Rule of Civil Procedure 37(b)(2)(a)(v)." (*Id.* at 3.)

On April 11, 2023, the court held a hearing on Defendant's Motion for Sanctions. (Dkt. 90.) For the reasons discussed at the hearing and stated below, the court finds that because Plaintiff failed to regularly participate in the litigation which caused deficiencies in discovery, Plaintiff's conduct warrants monetary sanctions pursuant to Rule 37.

## APPLICABLE STANDARDS

### *Federal Rule of Civil Procedure 37*

Rule 37 provides district courts with broad discretion to fashion sanctions for violations of discovery rules and orders. *See* Fed. R. Civ. P. 37(a)–(f); *Props. Int'l Ltd. v. Turner*, 706 F.2d 308, 310 (11th Cir. 1983) ("It is settled law that the imposition of sanctions for failure to provide discovery rests with the sound discretion of the district court and will not be overturned absent abuse of that discretion."). As the Supreme Court has held, the intent behind Rule 37 is both "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427

U.S. 639, 643 (1976)). As relevant here, Rule 37(a) provides that when a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Notwithstanding, the Rule permits the court to decline to award sanctions if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii); *Stinson v. Sec. First Ins. Co.*, No. 2:22-cv-122-JLB-KCD, 2022 WL 8186702, at *1 (M.D. Fla. Sep. 22, 2022). "[A]n individual's discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The burden of avoiding sanctions pursuant to Rule 37 rests on the party against whom sanctions are sought. *See, e.g.*, *Stinson*, 2022 WL 8186702, at *1; *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-cv-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020).

### *28 U.S.C. § 1927*

Under Section 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because

of such conduct." The statute does not operate as a catch-all provision for sanctioning objectionable conduct of counsel. *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). Instead, a court may impose sanctions pursuant to Section 1927 where it finds (1) an attorney has engaged in "unreasonable and vexatious" conduct, (2) the "unreasonable and vexatious" conduct multiplied the proceedings, and (3) the dollar amount of the sanction bears a financial nexus to the excess proceedings such that the sanction does not exceed the costs, expenses, and attorneys' fees reasonably incurred because of the sanctionable conduct. *Hudson v. Int'l Comput. Negots., Inc.*, 499 F.3d 1252, 1262 (11th Cir. 2007) (quoting *Peterson*, 124 F.3d at 1396). The decision to impose sanctions pursuant to Section 1927 is within the sound discretion of the court. *Peterson*, 124 F.3d at 1390.

"[A]n attorney multiplies the proceedings unreasonably and vexatiously . . . only when his conduct is so egregious that it is 'tantamount to bad faith.'" *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (citation omitted). Bad faith is an objective standard which turns "not on the attorney's subjective intent, but on the attorney's objective conduct." *Id.* More particularly, "[t]he term 'unreasonably' necessarily connotes that the district court must compare the attorney's conduct against the conduct of a 'reasonable' attorney and make a judgment about whether the conduct was acceptable according to some objective standard. The term 'vexatiously' similarly requires an evaluation of the attorney's objective conduct." *Id.* at 1239–40. Neither negligent conduct, standing alone, nor lack of merit will support a finding of bad faith. *Id.* at 1241–42. Rather, the attorney must knowingly or

recklessly pursue a frivolous claim. *Id.* at 1242. Recklessness is "a gross deviation from conduct that might be reasonable in the circumstances." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1227 (11th Cir. 2003). "[O]bjectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently." *Amlong & Amlong, P.A.*, 500 F.3d at 1241. Nevertheless, the attorney's purpose or intent regarding the multiplication of the proceedings is not irrelevant. *Id.* "Although the attorney's objective conduct is the focus of the analysis, the attorney's subjective state of mind is frequently an important piece of the calculus, because a given act is more likely to fall outside the bounds of acceptable conduct and therefore be 'unreasonabl[e] and vexatious[ ]' if it is done with a malicious purpose or intent." *Id.* Even if counsel acts in bad faith, sanctions under Section 1927 are not warranted unless the conduct also multiplied the litigation. *See, generally*, *Peterson*, 124 F.3d at 1396. Thus, to award sanctions under Section 1927, courts must find some causal connection exists between the "unreasonable and vexatious" conduct and the continuation of proceedings that otherwise would not have occurred. *Id.*

## ANALYSIS

Upon consideration and for the reasons stated at the hearing, the court finds that Defendant is entitled to its "reasonable expenses incurred in making" its motion to compel. As noted above, the intent behind Rule 37 sanctions is both "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway*

*Express*, 447 U.S. at 763–64 (quotation omitted).  Here, Plaintiff delayed and disrupted the litigation by failing to provide responses to Defendant's outstanding discovery requests, which caused Defendant to file its motion to compel (Dkt. 56).  And while Rule 37(a)(5)(A) offers three grounds to avoid a sanctions award, Plaintiff does not argue that any ground applies.  Thus, Rule 37 compels an expense award in this case. *See Stinson*, 2022 WL 8186702, at *2) (imposing attorney fees where the opposing party failed to carry its burden that any of the three grounds to avoid sanctions were applicable); *KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-cv-842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021) (imposing attorney fees where the opposing party "fail[ed] to present evidence supporting any of the three exceptions listed in Rule 37(a)(5)(A)").  Accordingly, under Rule 37(a)(5), Defendant is entitled to reasonable attorneys' fees and costs incurred in preparation of the motion to compel.

Defendant seeks $11,221.81 in attorneys' fees and expenses, based on 33.25 hours of work at various hourly rates.  (Dkt. 87.)  Specifically, Defendant seeks the following hourly rates for its counsel: Jon Steckler - $360 for work performed in 2022, $370 for work performed in 2023; Christopher Bowman - $285 for work performed in 2022, $295 for work performed in 2023; and Megan Kunze - $280.  (*Id.* at 2–3.)  Based on this information, the lack of any specific objection by Plaintiff, and the court's own expertise, the court concludes that these hourly rates are reasonable.  *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (stating that "[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and

may form an independent judgment either with or without the aid of witnesses as to value") (quotation omitted).  As for the hours reasonably expended, Defendant argues that the 33.25 hours covers the time spent on not only the filing of the motion to compel, but also on the various attempts by Defendant's counsel to confer with Plaintiff regarding deficient discovery from August 2022 to present.  (Dkt. 87 at 2.)  However, "only hours expended in drafting a motion to compel or in preparing for a hearing on the motion are 'incurred in filing the Motion to Compel,' as required under Rule 37."  *See Eichmuller*, 2020 WL 10318567, at *2.  *See also Lawrence v. Bayview Loan Servicing, LLC*, No. 16-21415-CIV-SCOLA/OTAZO-REYES, 2017 WL 2313485, at *1 (S.D. Fla. Mar. 16, 2017), *report and recommendation adopted,* 2017 WL 2312920 (S.D. Fla. May 26, 2017).  As such, after review of the time records provided by Defendant's counsel, the court finds that Defendant is entitled to an award of $1,939.50, which accounts for the 6.2 hours expended drafting the motion to compel and for the hearing on the motion.  (Dkt. 87-1); *see Ali v. Pendergast & Assocs., P.C.*, No. 1:12-cv-02983-RWS-GGB, 2014 WL 12789644, at *9 (N.D. Ga. Feb. 25, 2014) ("Determining the amount of expenses and attorney's fees to award a party under Rule 37 is within the sound discretion of this Court." (citing *Gratton v. Great Am. Comm.*, 178 F.3d 1373, 1374–75 (11th Cir. 1999))).

Defendant's request for further sanctions pursuant to Rule 37, however, is denied.  Specifically, Defendant requests that the court dismiss the action with prejudice pursuant to Rule 37(b)(2).  (Dkt. 80 at 10.)  Dismissal with prejudice "may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith or fault."

*Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993).  However, dismissal as a sanction should not be imposed if a lesser sanction will do. *See Hashemi v. Campaigner Publ'ns, Inc.*, 737 F.2d 1538, 1538–39 (11th Cir.1984).  Here, the court finds that the lesser sanction of awarding fees pursuant to Rule 37(a)(5) is sufficient to penalize Plaintiff's conduct thus far.  To the extent Defendant suggests that Plaintiff "blatantly and cynically" violated this court's orders and "continues to thumb its nose at this court," the court finds at this time that Plaintiff's and its counsel's conduct is more representative of a reckless disregard for the Federal Rules of Civil Procedure, this court's Local Rules, and the discovery requests than a bad-faith intent to "make a mockery of this court." *See* (Dkt. 80.)  Nevertheless, the court reminds Plaintiff and its counsel of their obligations under the Federal and local rules to comply with their discovery duties and this court's orders.

As to Defendant's request for sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927, the court finds that while more attention to detail could have been exercised, Defendant has not provided direct evidence of conduct on the part of Plaintiff's counsel that is sufficient to rise to the level of bad faith.  Rather, it appears to this court that to the extent counsel's actions caused any sort of delay, the record does not support a finding of anything more than negligence, which does not implicate Section 1927. *See Amlong & Amlong, P.A.*, 500 F.3d at 1241–42 ("negligent conduct, standing alone, will not support a finding of bad faith under § 1927").  As such, the court does not find that Mr. Harder's conduct justifies sanctions under Section 1927.

Accordingly,

1. Defendant Maduro's Motion for Sanctions (Dkt. 80) is **GRANTED in part** and **DENIED in part**.

   a. Defendant's request for an award of attorneys' fees and costs under Rule 37 is **GRANTED** to the extent Defendant is entitled to attorneys' fees in the amount of $1,939.50.

   b. Plaintiff shall pay said amount within thirty (30) days of the date of this Order.

   c. Defendant's request for sanctions pursuant to 28 U.S.C. § 1927 is **DENIED**.

   d. All other requests are **DENIED**.

2. Any subsequent failure to comply with this court's orders will subject Plaintiff to further sanctions as allowed by the rules, including a finding of contempt of court.

   **ORDERED** in Tampa, Florida, on April 27, 2023.

   _____
   JULIE S. SNEED
   UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record